UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL K.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. C22-997-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

    Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ erroneously failed to include schizoaffective disorder at step two and misevaluated his residual functional capacity ("RFC"). Dkt. 15 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

    Plaintiff is currently 34 years old, was expelled from school in tenth grade, was incarcerated for most of his 20s and is currently on probation, and previously worked part-time as a sales associate at Home Depot and cleaner at 7-11. Tr. 39-40, 699, 708, 761. In May 2018, he applied for benefits, alleging disability as of June 1, 2004. Tr. 236-44. His application was denied initially and on reconsideration. Tr. 111-14, 118-20. The ALJ conducted a hearing in

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

July 2021 (Tr. 34-56), and subsequently found Plaintiff not disabled. Tr. 15-28. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

# DISCUSSION

**A.  Schizoaffective Disorder**

Plaintiff contends the ALJ should have included schizoaffective disorder as a severe impairment at step two. Dkt. 15 at 15. Plaintiff's conclusory assertion the ALJ erred falls short of meeting his burden to show the ALJ harmfully erred because he does not identify any limitation caused by that disorder the ALJ did not address. *See, e.g.*, *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (discussing harmless step-two error); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (same). The ALJ acknowledged the "substantial overlap in symptomology between different mental impairments" and indicated he "considered [Plaintiff's] psychological symptoms and their effect on functioning together, instead of separately, regardless of the diagnostic label attached." Tr. 23.

Plaintiff has not shown the ALJ failed to assess the extent of his mental symptoms or that the omission of schizoaffective disorder from the list of impairments at step two affected the remainder of the decision. Accordingly, the Court finds Plaintiff has failed to establish harmful step-two error.

**B.  Residual Functional Capacity**

Plaintiff argues the ALJ omitted certain limitations from the RFC determination, specifically those related to his probation conditions as well as his reading/writing deficits. Dkt. 15 at 16. The ALJ's RFC assessment represents the most Plaintiff can do despite his medically determinable impairments. *See* 20 C.F.R. § 416.945(a)(2). Plaintiff's probation restrictions are

not medically determinable impairments, and thus the ALJ did not err in omitting probation restrictions in the RFC determination. *See* Dkt. 15 at 16 (listing the probation limitations placed on Plaintiff).

Plaintiff also contends the ALJ misevaluated the medical evidence. However, the ALJ found the medical opinion evidence established Plaintiff can perform work in the national economy. Plaintiff has not challenged this finding and thus the claim the ALJ misevaluated the medical record fails.

Plaintiff further contends the ALJ erred as to his extremely limited ability to read and write, which is a functional limitation resulting from Plaintiff's cognitive impairment.  In middle school, high school, and as an adult, Plaintiff was assessed as reading and writing at a level between kindergarten and second grade.  *See* Tr. 367, 589, 594, 669.  Plaintiff's problems with reading and writing led his providers to modify his treatment to avoid modalities requiring reading or writing. *See, e.g.*, Tr. 768.  Plaintiff listed his reading and writing problems as one of the conditions contributing to his inability to work, and his providers noted his reading and writing deficits. *See, e.g.*, Tr. 265, 660 ("[Plaintiff] is essentially illiterate and has minimal reading and writing skills."), Tr. 726, 735.

The ALJ did not mention Plaintiff's reading and writing problems anywhere in the decision.  Although the Commissioner posits the ALJ properly accounted for Plaintiff's reading and writing deficits by limiting him to simple, routine tasks (Dkt. 16 at 5-6), there is no evidence in the record this limitation fully accounts for Plaintiff's deficits.  The ALJ credited a consultative psychologist's opinion that Plaintiff could perform simple, routine tasks, but this opinion failed to address the literacy issue (although Plaintiff did report it to the examiner (Tr.

735)).  See Tr. 738.[1]

Because Plaintiff's reading/writing skills were not addressed in the ALJ's RFC assessment or in any other part of the ALJ's decision, the vocational expert ("VE") was not aware of these deficits when identifying jobs that Plaintiff could perform.  Accordingly, the VE's testimony lacks evidentiary value.  See Lewis v. Apfel, 236 F.3d 503, 517-18 (9th Cir. 2001) ("Hypothetical questions asked of the vocational expert must 'set out all of the claimant's impairments.'  If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.").  On remand, the ALJ shall reconsider the evidence related to Plaintiff's ability to read and write when assessing Plaintiff's RFC and/or his educational level, and at any other part of the decision.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ shall reconsider the evidence related to Plaintiff's ability to read and write; develop the record and redetermine RFC as needed and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 29th day of December, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[1] The examiner even went further in finding Plaintiff would have no problem carrying out complex tasks or making complex decisions, which is at odds with the contemporaneous testing as well as all of the rest of the evidence in the record and the ALJ's decision.  See Tr. 26, 738.

ORDER REVERSING THE COMMISSIONER'S DECISION - 4